Jones, Chief Judge,
delivered the opinion of the court:
The decision in the case of Frederich G. Kaufman v. United States, No. 47340, this day rendered, in effect disposes •of this case.
The facts are almost identical. The two plaintiffs worked in the same office, began work within a few days .of each .other, and were discharged at about the same time under very similar circumstances and for the same assigned reasons. In fact, the two plaintiffs worked together in many respects in undertaking to secure their rights. The facts and the issues are so similar that both the plaintiffs and the defendant briefed and argued the cases together.
' The plaintiff Kaufman wrote some letters of protest that "the plaintiff Goldstein did not write, but it is stipulated that 'Goldstein would have testified that he protested his summary dismissal to the Assistant District Director of the Immigration and Naturalization Service in New York, and •demanded a hearing pursuant to Section 6 of the act of August 24, 1912, and that he protested to and demanded a ■hearing from the higher officials in Washington, D. C., and •demanded that he be restored to office, and that these demands were denied. Several joint letters were filed and a joint suit was filed when it became apparent that the defendant was not going to abide the decision in the Borah •case in disposing of the cases of plaintiffs Kaufman and Goldstein.
During the period intervening between plaintiff’s con-•cededly illegal dismissal on January 16, 1942, and the offer -of reinstatement on May 12, 1945, plaintiff would have earned at the salary which he was then receiving the sum of $10,003.71. During that same period he earned from outside .sources the sum of $6,938.11. He is therefore entitled to recover from the defendant the sum of $3,065.60. It is so •ordered.
Howell, Judge; Madden, Judge; Whitaker, Judge; and Íiittleton, Judge, concur.